IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON MAJOR, :
:
      Petitioner, :
:
    v. : CIVIL ACTION
:
JON FISHER, et al., : NO. 12-2619
:
      Respondents. :

**OPINION**

**Slomsky, J.**                                                                                                                                     **March 4, 2013**

**I.**       **INTRODUCTION**

      Before the Court is the Petition of Aaron Major ("Petitioner") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner seeks relief based on trial and appellate court error, a Batson claim and ineffective assistance of counsel. For purposes of this Opinion, this Court has considered the Petition for Writ of Habeas Corpus (Doc. No. 1), the Response to the Petition for Writ of Habeas Corpus (Doc. No. 9), the Report and Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells ("Chief Magistrate Judge Wells") (Doc. No. 10), Petitioner's Objections to Chief Magistrate Judge Wells' Report and Recommendation (Doc. No. 11), and the pertinent state court record.

      Following a review of the filings by the parties and the pertinent record, Chief Magistrate Judge Wells issued a Report recommending that the Petition for a Writ of Habeas Corpus be denied and that a certificate of appealability not be issued. (Doc. No. 10.) Petitioner filed objections to the Report and Recommendation. (Doc. No. 11.) For reasons that follow, the

Court will approve and adopt Chief Magistrate Judge Wells' Report and Recommendation (Doc. No. 10), and deny the Petition for a Writ of Habeas Corpus (Doc. No. 1).

**II. FACTUAL BACKGROUND**

On April 1, 1994, a jury convicted Petitioner of first-degree murder, robbery, possessing an instrument of crime, and criminal conspiracy in the Philadelphia County Court of Common Pleas. (Doc. No. 9 at 1.) Judge James J. Fitzgerald, III, sentenced Petitioner to life imprisonment for the murder and concurrent sentences of 10 to 20 years for the robbery, 5 to 10 years for the conspiracy, and 2.5 to 5 years for possessing an instrument of crime. (Id. at 1-2.) Petitioner's post-trial motions were denied on August 24, 1994. (Id. at 2.) On September 22, 1997, the Pennsylvania Superior Court affirmed the convictions and judgments of sentence. (Id.) Petitioner did not seek allocatur from the Pennsylvania Supreme Court. (Id.)

On September 24, 1998, Petitioner filed a pro se petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") 42 Pa. Cons. Stat. § 9541 et seq. (Doc. No. 9 at 2.) On May 26, 2000, the PCRA petition was dismissed as meritless. (Id.) Petitioner then appealed to the Pennsylvania Superior Court claiming ineffective assistance of trial counsel due to his attorney's failure to challenge the prosecutor's use of peremptory strikes against African Americans during jury selection. (Id.) On August 17, 2001, the Superior Court affirmed the trial court's order denying relief and rejected the ineffective assistance of counsel claim as meritless. (Id.) Once again Petitioner did not seek allocatur. (Id.)

On June 29, 2009, Petitioner filed another PCRA petition. (Doc. No. 9 at 3.) The trial court dismissed the petition as time-barred on October 8, 2010. (Id.) On June 7, 2011, the Superior Court affirmed the trial court. (Id.) For the third time, Petitioner did not seek allocatur.

2

On May 7, 2012, Petitioner filed the instant habeas petition in the Eastern District of Pennsylvania, claiming: 1) the prosecutor violated Batson by using eleven of the Commonwealth's sixteen peremptory strikes during voir dire to strike prospective African American jurors; 2) the trial court's jury instructions shifted the burden of proof from the prosecution to the petitioner; and 3) trial counsel was ineffective for "not prepar[ing] a defense" in favor of Petitioner's not guilty plea. (Doc. No. 1.) On August 17, 2012, Chief Magistrate Judge Wells issued a Report and Recommendation stating that the habeas petition should be denied as untimely. (Doc. No. 10 at 7.) As noted above, on August 31, 2012, Petitioner filed his Objections to Chief Magistrate Judge Wells' Recommendation. (Doc. No. 11.)

## III. STANDARD OF REVIEW

### A. Review of a Petition under 28 U.S.C. § 2254

If a state court has adjudicated a petitioner's claims on the merits, a federal district court reviews the state court decision under the deferential standard set forth in 28 U.S.C. § 2254(d). Section 2254(d) precludes habeas corpus relief on:

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2010).

### B. De Novo Review of Objections to Report and Recommendation by District Court

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules of court, a magistrate judge has authority to file proposed findings and recommendations regarding a habeas petition. In

3

response, a party may file written objections. 28 U.S.C. § 636(b)(1)(C). Eastern District of Pennsylvania Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under Rule 72.1.IV(b), the petitioner is required to "specifically identify the portion of the [report and recommendation] to which objection is made." Reid v. Lawler, No. 08-5674, 2010 WL 1186320, at *3 (E.D. Pa. Mar. 25, 2010). However, this rule is relaxed for pro se litigants. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to court as objection triggering de novo review, "[a]lthough Petitioner did not file formal objections to the Report and Recommendation"). The district court judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## IV. DISCUSSION

### A. Petitioner's Objections

Petitioner raises four issues in the Objections to the Recommendation. (Doc. No. 11 at 3-5.) These objections are: 1) the Superior Court erred when it failed to obtain the full record on Petitioner's case (Doc. No. 11 at 2); 2) the Report and Recommendation should not be adopted because Petitioner's three claims (the Batson violation, the shifting of the burden of proof, and ineffective assistance of trial counsel) have merit (id.); 3) the PCRA proceedings were biased against him because they were heard by Judge James J. Fitzgerald, III, the same judge who

4

presided over his criminal trial (id. at 3); and 4) Petitioner was ignorant of the "rules of court" and was not cognizant of the time limitations for filing a Habeas Corpus petition (id. at 7). As discussed in greater detail below, Petitioner's objections will be denied because they are time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244. For this reason, the Court need not consider the substantive objections of Petitioner.

Recognizing the untimeliness of the Petition for the writ of habeas corpus, Petitioner objects to Chief Magistrate Judge Wells' finding that his claims are not subject to equitable tolling. (Doc. No. 11 at 4.) Petitioner argues that he has been attempting to diligently pursue his rights, but that Petitioner "never received any information clarifying the allowance of filing a Writ of Habeas Corpus, without thoroughly exhausting his remedies in common pleas court." (Id.) According to Petitioner, he failed to file a habeas corpus petition earlier due to his attorney's negligent conduct. (Id. at 5.)

### B. The Statute of Limitations

Under the AEDPA, a person must file a habeas corpus petition within one year of either:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2244(d)(1)(A)-(D). There is no claim that a state action prevented Petitioner from filing this petition. Nor does Petitioner argue that a novel rule of the United States Supreme Court established a right to a later start date for the running of the AEDPA statute of limitations. Further, the factual predicate of the habeas claim, his attorney's negligent conduct, was discoverable during the direct review period. See Fielder v. Varner, 379 F.3d 113, 116 (3d Cir. 2004). Here, direct review of Petitioner's claims ended on or about October 22, 1997, when the time to seek discretionary review from the Pennsylvania Supreme Court lapsed. See Pa. R. App. P. 1113. Petitioner filed the instant habeas petition on May 7, 2012, more than a decade after the expiration of discretionary review by the Pennsylvania Supreme Court. Therefore, this Court agrees with the finding of Chief Magistrate Judge Wells that the current petition is untimely, absent some tolling exception extending the AEDPA deadline.

### 1. Statutory Tolling

Under the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). On September 24, 1998, Petitioner filed his PCRA petition, leaving twenty-eight days remaining to file a habeas petition. On August 17, 2001, the Pennsylvania Superior Court affirmed the PCRA dismissal, and Petitioner was entitled to statutory tolling during this period. Petitioner then had thirty days to seek review in the Pennsylvania Supreme Court. See Pa. R. App. P. 1113. By September 17, 2001, Petitioner failed to take that appeal, thus ending the tolling of the AEDPA and leaving twenty days to file a habeas petition. On May 11, 2012,

6

Petitioner filed the current habeas petition, more than a decade after the AEDPA's one year limitation ended.

Thus, this Court agrees with the conclusion of Chief Magistrate Judge Wells that the current petition is time-barred even with the benefit of statutory tolling under the AEDPA.

### 2. Equitable Tolling

The AEDPA one year limitation is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). For Petitioner to receive the benefit of equitable tolling under the AEDPA, he must establish: 1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance prevented him from filing his petition in a timely manner. Id. at 2563-64. In non-capital cases, a petitioner must demonstrate both diligent pursuit of his rights and extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 169-170 (3d Cir. 2003). Moreover, in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Id. at 169 (quoting Fahy v. Horn, 240 F.3d 239, 245 (3d. Cir. 2001)).

Petitioner claims that his attorney did not inform him of the dismissal of his PCRA petition, filed August 17, 2001, until September 7, 2001, at which time his attorney declined to further represent Petitioner. (Doc. No. 11 at 5.) Petitioner also contends that he was ignorant of the statute of limitations period. However, because this is a non-capital case, something more than "attorney error" or "inadequate research" must be demonstrated to show "extraordinary circumstances." See Fahy, 240 F.3d at 245. Petitioner neither presented evidence of any circumstances beyond attorney error nor demonstrated reasonable diligence. Rather, more than a decade had passed after the AEDPA's year-long limitation period expired. Consequently, this

7

Court agrees with Chief Justice Magistrate Wells that Petitioner is not entitled to equitable tolling of the AEDPA. Petitioner's habeas claim is time-barred by the AEDPA and must be denied.

## V.     CONCLUSION

For the foregoing reasons, this Court will approve the Report and Recommendation (Doc. No. 10) and deny Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1). A certificate of appealability will not be issued.

An appropriate Order follows.